UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:08-cr-31-JMH |
| v. | ) | |
| ISAIAH LAMAR ROBINSON, | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on Defendant Isaiah Robinson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 215). On February 7, 2008, Robinson was indicted on a six-count indictment, with three counts of committing Hobbs Act robbery (Counts 1, 3 and 5) and use, carry and discharge of a firearm during and relation to a crime of violence (Counts 2, 4, and 6). (DE 11). He pleaded guilty and was sentenced, on September 23, 2008, to a total term of 828 months of imprisonment. (DE 145). Robinson is currently serving his sentence at USP McCreary in Pine Knot, Kentucky, and is projected to be released on June 28, 2067. (DE 217-1). He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). (DE 215). For the reasons set forth below, his motion is **denied**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed

the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. In this case, the United States has not acknowledged whether or not Robinson has appropriately exhausted his administrative remedies, but has attached the defendant's previous requests to the warden. (*See* DE 217-2, 217-3). Therefore, the Court will find that it has the authority to consider Robinson's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of

Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

As grounds for his motion, Robinson admits that: he has not been diagnosed with a terminal illness; he does not suffer from

any serious physical or medical conditions; he is not 65 years-old or older; he has no existing issues with a caregiver of a minor child or his children; nor does he have an incapacitated spouse or registered partner.[1] Instead, he asserts that he is entitled to relief based on a retroactive application of Section 403 of the First Step Act of 2018, which reduced the penalty for multiple section 924(c) violations committed by an offender who had not previously incurred such a conviction. (*See* DE 215 at 4-5). Unfortunately, however, this argument does not afford Robinson relief because the determination of the retroactivity of a statutory provision is made by Congress (*see Dorsey v. United States*, 567 U.S. 260, 274 (2012)), and the Sixth Circuit has already concluded that any recent amendments made to section 924(c) does not apply to cases like Robinson's, where he was sentenced well before December 21, 2018. *See United States v. Richardson*, 948 F.3d 733, 745-53 (6th Cir. 2020).

Nevertheless, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

---

[1] The Court has reviewed the documents accompanied to the Government's response — specifically, Robinson's medical records (*see* DE 219-3, 219-4, & 219-5) — and concludes that there are also no other "extraordinary and compelling reasons" which support his release.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Robinson's sentencing hearing (*see* DE 148) and has reconsidered them for purposes of this motion. Robinson was involved in a series of violent robberies, wherein he seriously injured his victims by randomly discharging firearms. (DE 149 ¶¶ 20-35). He was also found to have held a leadership role in each robbery. Thus, based upon the record before it, the Court cannot find that Robinson would

not pose a danger to the safety of the community if he were to be released.

Further, even though Robinson contends that he has been taking steps towards rehabilitation, his disciplinary record tells a different tale. Robinson has been involved in three disciplinary actions and two incidents involving narcotics or alcohol. (*See* DE 219). This record is exemplary of Robinson's inability to conform to the prison's rules and regulations. Robinson must begin to focus on his journey towards rehabilitation in order to ensure that he will lead a quality life upon his release. Accordingly, in consideration of the § 3553(a) factors, the need for Robinson's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Robinson has not demonstrated that extraordinary and compelling reasons exist for his early release or that the sentencing factors contained in 18 U.S.C. § 3553(a) support a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Therefore, **IT IS ORDERED** that Robinson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 215] is **DENIED**.

This the 5th day of August, 2021



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge