UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 08-031-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ISAIAH ROBINSON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Isaiah Robinson has filed a second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Record No. 234] However, he fails to identify extraordinary or compelling reasons for a sentence reduction.  Lacking a valid legal basis for relief, Robinson's motion will be denied.

In late 2007, Robinson organized a plan to rob three Shell gas stations and recruited others to accomplish this criminal activity.  [Record No. 233] During the robberies, "Robinson wore a ski mask, brandished a firearm, and demanded money from store clerks."  *Id.*  And Robinson discharged a firearm each time.  *Id.* (citing Presentence Investigation Report ("PSR") ¶¶ 20–24).

During one robbery, Robinson "fired multiple rounds into an office where a store clerk was hiding *after* the clerk had turned over $2,000 to Robinson and his co-defendants."  [Record No. 233 (citing PSR ¶ 21) (emphasis added).] During another robbery one month later, he "shot a clerk who had not responded to his orders 'fast enough.'"  *Id.* (quoting PSR ¶ 23).  The

- 1 -

store clerks shot by Robinson have suffered permanent disabilities. *Id.* (citing Record No. 232).

Robinson pled guilty to interfering with commerce by threat or violence (Counts 1, 3, and 5) in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a) and 2 on the second day of his jury trial. [*See* Record Nos. 90, 92, and 145.] He also pled guilty to discharging a firearm during the commission of a federal crime of violence (Counts 2, 4, and 6) in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. [Record Nos. 92 and 145]

Robinson's guidelines range was 108 to 135 months' imprisonment, for each of counts one, three, and five. [Record No. 157] On those counts, United States District Judge Joseph M. Hood "imposed a sentence of 108 months for each, to run concurrently." *Id.* Count two had a 10-year mandatory minimum and counts four and six each had mandatory minimums of 25 years, resulting in a mandatory minimum sentence of 60 years on the § 924(c) violations alone. *Id.* The Court imposed the mandatory minimum sentences for those counts and directed that they run consecutively to each other and the 108-month sentence resulting in a total sentence of 828 months of imprisonment. [Record No. 145]

Robinson now claims that subsequent, non-retroactive changes that eliminated stacking charges unless the second offense under § 924(c) occurs "after a prior conviction . . . becomes final" along with sentencing disparities and his rehabilitative efforts amount to extraordinary and compelling reasons for a sentence reduction. [Record No. 234] In making this argument, he attempts to collapse the weighing of the 3553(a) factors into the extraordinary and compelling analysis. *Id.* at 6. But for the Court to reweigh those factors, Robinson must *first* demonstrate that extraordinary and compelling reasons exist for a sentence reduction. He does not do that here.

As a general matter, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, it may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. Specifically, the Court may consider: "the defendant's (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant was a victim of abuse while in custody"; (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) a defendant's "unusually long sentence" if he "has served at least ten years of the term of imprisonment" and then changes to the law "(other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023)); § 1B1.13(b)(5)–(6).

That said, and as Robinson correctly points out, Section 1B1.13(b)(6) (*i.e.*, an unusually long sentence) is invalid because the Sentencing Commission exceeded its authority with that amendment. [Record No. 234 at 6 (citing *United States v. Bricker, United States v. McHenry,*

- 3 -

*and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025).] He likewise acknowledges that rehabilitation alone is insufficient in demonstrating extraordinary and compelling reasons. *Id.* But nonetheless, he attempts to argue that non-retroactive changes regarding how § 924(c) violations are counted or stacked create a sentencing disparity that coupled with his rehabilitation warrant relief. *Id.*

To the extent that Robinson argues that the First Step Act of 2018's elimination of § 924(c)'s stacking charges are "other reasons" under § 1B1.13(b)(5)'s catchall provision, constituting extraordinary and compelling grounds for compassionate release, his argument fails. "'[T]here is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute."[1] *Washington*, 122 F.4th at 267 (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)).  A criminal defendant "'serving the duration of a lawfully imposed sentence'" is routine—"'not compelling.'"  *Id.* (quoting *McCall*, 56 F.4th at 1056).

Nor are non-retroactive changes to the law "similar in gravity" to subsections (1) through (4).  Further, "other reasons" are constrained by the situations enumerated in those subsections—all of which pertain personally to the defendant or his family—not non-retroactive changes to the law.  And Section 1B1.13(c) explicitly declares that non-retroactive changes to the law "shall not be considered for purposes of determining whether an

---

[1]     When Congress amends sentencing provisions, the ordinary "practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."  *Dorsey v. United States*, 567 U.S. 260, 280 (2012).  For that reason, "[w]hen congress wants a change in sentencing law to have retroactive effect, it explicitly says so."  *McCall*, 56 F.4th at 1056.  Given this standard practice, changes in the law that are not explicitly deemed retroactive cannot be "extraordinary and compelling" because "what is expected cannot be extraordinary."  *Id.*

extraordinary and compelling reason exists."  Robinson's inclusion of his rehabilitation does not change this result.  *United States v. Hunter*, 12 F.4th 555, 568 (6th Cir. 2021) ("[N]on-retroactive changes in the law cannot be relied upon as 'extraordinary and compelling' explanations for a sentence reduction, regardless of whether the legal changes are offered alone or combined with other personal factors.").

In *United States v. Washington*, the court found that the defendant who had gained work experience and completed his education in prison had not shown that a sentence reduction was warranted because rehabilitation alone is an insufficient basis.  122 F.4th at 268; *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (finding that "rehabilitation alone does not provide a proper basis for relief" under § 3582(c)).  Defendants nationwide routinely participate in rehabilitative programs to increase their post-incarceration opportunities.  And what is routine is neither extraordinary nor compelling.  As a result, courts within this circuit do not ordinarily consider rehabilitation extraordinary for purposes of granting compassionate release.  *See e.g.*, *McCall*, 56 F.4th at 1056; *United States v. Washington*, 2024 WL 150289 (E.D. Ky. 2024).

The undersigned commends Robinson's efforts to better himself while being incarcerated.  It appears that he is observing and learning from his past patterns and trying to change course in his present and future.  And he is trying to repair his wrongs by making restitution payments under an agreed payment plan.  These are all important steps for Robinson to move forward from his past mistakes.  But despite Robinson's laudable efforts, he presents no extraordinary and compelling reasons for a sentence reduction.  Therefore, the undersigned declines to reweigh the 18 U.S.C. § 3553(a) factors.

- 5 -

Being sufficiently advised, it is hereby **ORDERED** that the defendant's motion [Record No. 234] is **DENIED**.

Dated: May 28, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky